UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHRISANDRA LILLY,**
                **Plaintiff,**

**v.**                                                       Case No. 15-cv-1458

**DEPARTMENT OF DEFENSE, MILW CRYOLIFE, INC,**
**and CHILDREN'S HOSPITAL OF WISCONSIN,**
                **Defendants.**
_____

## DECISION AND ORDER

Pro se plaintiff Chrisandra Lilly filed the complaint in this action against defendants the Department of Defense, Milw Cryolife, and the Children's Hospital of Wisconsin on December 7, 2015. On February 16, the Children's Hospital of Wisconsin filed a motion for a more definitive statement, arguing that the complaint is broad, unintelligible, and fails to identify which causes of action she is advancing. On March 31, Cryolife filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, arguing that plaintiff's complaint fails to identify any federal claims or explain the factual support for them. On May 11, the Department of Defense filed a motion to dismiss or in the alternative a motion for summary judgment, agreeing with Children's Hospital of Wisconsin and Cryolife and further arguing that plaintiff has failed to exhaust any administrative remedies. Plaintiff has not responded to any of these motions.

I agree with defendants that it is impossible to make out what claim or claims plaintiff is advancing.[1] She appears to complain about the medical care provided to her

---

[1] I note that her allegations are very similar to allegations made in Case No. 15-cv-1414 (E.D. Wis.), brought only against Children's Hospital of Wisconsin.

daughter by defendants, but her allegations are rambling and difficult to understand, discussing "research experimentation human cloning," "(cloned) human engineered Tissue" and "implanted embryo cells." Compl. at 3, 4 (ECF No. 1). Additionally, plaintiff's complaint makes very broad, conclusory allegations without alleging any factual support. For example, she broadly alleges a "fraud[sic] transplant" and that defendants "revealed Herpes to the world and not privately to her family." *Id.* The complaint indicates that her claims are federal in nature, *id.* at 4, but from the complaint, I cannot make out what federal claim or claims plaintiff is attempting to allege. As such, the complaint fails to comply with Fed. R. Civ. P. Rule 8, which requires a complaint to contain "a short and plain statement of the claim" which is sufficiently clear to put defendants on notice of the claims against it.

Because plaintiff is pro se, rather than dismissing this case as Cryolife and the Department of Defense ask, I will order plaintiff to file an amended complaint in this case clearly stating what her federal claim is and containing clear factual allegations that support her claim.[2] Plaintiff should keep in mind that the amended complaint will supersede her original complaint, and thus she should not incorporate or reference the original complaint in any way; in other words, the amended complaint should contain all the information required by Rule 8(a). For plaintiff's convenience, I have included a copy of Rule 8(a) with this order. Additionally, I warn plaintiff that if she fails to comply with

---

[2] Accordingly, I will deny without prejudice Croylife and the Department of Defense's motions to dismiss. I will also deny without prejudice the Department of Defense's motion for summary judgement based on failure to exhaust administrative remedies. I cannot determine whether plaintiff was required to exhaust administrative remedies without knowing what type of claim she brings. Should plaintiff file an amended complaint, defendants are free to renew their motions to dismiss.

2

this order, I will dismiss her case for lack of diligence under Civil L.R. 41(c), a copy of which I have also included with this order.

**THEREFORE, IT IS ORDERED** that Children's Hospital of Wisconsin's motion for more definitive statement (ECF No. 6) is **GRANTED**. Plaintiff shall file an amended complaint on or before **June 17, 2016**. If plaintiff fails to do so, her case will be dismissed for lack of diligence under Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that Cryolife's motion to dismiss for lack of jurisdiction and motion to dismiss for failure to state a claim (ECF No. 15) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Department of Defense's motion to dismiss for failure to state a claim and motion for summary judgment (ECF No. 22) are **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

**Federal Rule of Civil Procedure 8:**

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**Civil Local Rule 41:**

**(c) Dismissal for Lack of Diligence.** Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.